SONIA E. CHAHIN (SBN 136604)
SEChahin@aol.com
Attorney At Law
2222 Foothill Blvd., Suite E-278
La Canada, California 91011
Telephone (818) 549-0149
Facsimile (818) 549-0990

Attorney for Defendant
MIGUEL MARTINEZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SERGIO PANTOJA et al.,<br>Defendants. | No. CR 07-1172-DDP-14<br><br>DEFENDANT'S POSITION RE: SENTENCING FACTORS |

# Table of Contents


**Table of Contents . . . . . . . . . . . . . . . . . . . . . . . i**

**Table of Authorities . . . . . . . . . . . . . . . . . . . . . ii**

**Position Re: Sentencing Factors . . . . . . . . . . . . . . . . . 3**

**I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . 3**

**II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 4**

**A. MIGUEL MARTINEZ SUBMITS THAT IN THIS CASE, A CONSIDERATION OF ALL OF THE FACTORS SET FORTH BY TITLE 18 U.S.C. SECTION 3553(a) SUGGESTS THAT A SENTENCE OF 70 MONTHS IS WARRANTED . . . . . . . . . 4**

**1. Sentencing Post-Booker . . . . . . . . . . . . 4**

**2. Relevant Factors in the Instant Case . . . . . . 6**

**a. Mr. MARTINEZ's Personal History and Characteristics . . . . . . . . . . . . . . . . 6**

**b. Mr. MARTINEZ Role in the Offense. . . . . . . . 6**

c. **The Quantity of Narcotics Attributed to Mr. MARTINEZ Under Relevant Conduct Principals Over represents His Culpability . . . . . . . . . . 7**

**d. Mr. MARTINEZ Should Be Sentenced to 70 (Seventy) Months Based on the Need to Avoid Unwarranted Sentencing Disparity Between Mr. MARTINEZ and his Co-defendants as Contemplated by 18 U.S.C. §3553(a)(6) . . . . . . . . . . . 9**

**B. Mr. MARTINEZ HEREBY REQUESTS THAT THIS HONORABLE COURT IMPLEMENT A 7 MONTH DOWNWARD DEPARTURE TO GRANT HIM CREDIT FOR TIME SPENT IN STATE CUSTODY FOR CONDUCT WHICH IS PART OF THE INSTANT OFFENSE** . . 11

**C. Mr. MARTINEZ HEREBY REQUESTS THAT THIS HONORABLE COURT RECOMMEND HIM FOR THE 500 HOUR RDAP SUBSTANCE ABUSE PROGRAM , IF DEEMED ELIGIBLE TO PARTICIPATE BY THE BUREAU OF PRISONS . . . . . . . . . . . . . . 12**

**III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . 13**

## Table of Authorities

Gall v. United States, 552 U.S. ___ , 128 S. Ct. 586, (2007) . . . . . . . . . . 7, 9

Kimbrough v. United States, 552 U.S. 85 (2007) . . . . . . . . . . . . . . . . . . . . . 9

United States v. Booker, 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . 5

United States v. Burns, 526 F.3d 852 (5th Cir.2008) . . . . . . . . . . . . . . . . 9

United States v. Garrison, 560 F.Supp.2d 83 (D. Mass. 2008) . . . . . . . . . . . . . . 9

United States v. Jaber, 362 F. Supp.2d 365 (D. Mass. 2005) . . . . . . . . . . . . . 9

## Rules and Statutes

Title 18 U.S.C. §3553(a) . . . . . . . . . . . . 4, 5, 6, 7, 14

Title 18 U.S.C. §3553(a)(6) . . . . . . . . . . . . . . . . . 10

Title 18 U.S.C. §3582(a) . . . . . . . . . . . . . . . . . . 6

Title 18 U.S.C. §3661 . . . . . . . . . . . . . . . . . . . . 6

U.S.S.G. §2D1.1(a)(5)(B) . . . . . . . . . . . . . . . . . . 3

U.S.S.G. §2D1.1(c)(2) . . . . . . . . . . . . . . . . . . . . 3

U.S.S.G. §3B1.2(b)(2) . . . . . . . . . . . . . . . . . . . . 3

U.S.S.G. §3E1.1 . . . . . . . . . . . . . . . . . . . . . . . 3, 4

SONIA E. CHAHIN (SBN 136604)
SEChahin@aol.com
Attorney At Law
2222 Foothill Blvd., Suite E-278
La Canada, California 91011
Telephone (818) 549-0149
Facsimile (818) 549-0990

Attorney for Defendant
MIGUEL MARTINEZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff,

v.

SERGIO PANTOJA et al., Defendants.

No. CR 07-1172-DDP-14

DEFENDANT'S POSITION RE: SENTENCING FACTORS

Defendant, MIGUEL MARTINEZ, by and through his attorney of record, Sonia E. Chahin, hereby submits the attached Position of the defendant with respect to Sentencing Factors. Mr. MARTINEZ respectfully requests that this Honorable Court consider the arguments raised in this filing and impose a sentence of 63[1] (sixty-three) months in this case.

Respectfully submitted,

DATED: April 1, 2011

By /S/ SONIA E. CHAHIN
SONIA E. CHAHIN
Attorney At Law

---

[1] As noted herein, Mr. MARTINEZ is requesting that the Court determine that a 70 (seventy) month sentence is warranted under the facts of this case, and that he be given a 7 (seven) month departure for time spent in state custody based on conduct that forms part of the instant offense.

## POSITION RE: SENTENCING FACTORS

## I. INTRODUCTION

**MIGUEL MARTINEZ is presently before this Honorable Court for sentencing. MIGUEL MARTINEZ was charged in 1 (one) count of a 21 (twenty-one) count Third Superceding Indictment. On January 14, 2011, Mr. MARTINEZ pled guilty to Count 2 (two) pursuant to a written plea agreement.**

**Pursuant to the terms of the plea agreement, the parties agreed to a base offense level of 33, pursuant to U.S.S.G. Section 2D1.1(c)(2) and U.S.S.G. Section 2D1.1(a)(5)(B), a two level reduction for minor role in the offense pursuant to U.S.S.G. 3B1.1(b)(2), and a three level reduction for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1, for a total offense level of 28 (twenty-eight). The parties further reserved the right in the plea agreement to argue that additional adjustments, specific offense characteristics, and/or departures are appropriate. The parties have also reserved the right to argue for a sentence outside of the sentencing range established by the Sentencing Guidelines.**

**In the Presentence Report, the Probation Officer has determined that the Sentencing Guideline computation is in accordance with the agreement of the parties. The Probation Officer has determined that the base offense level is 33, pursuant to U.S.S.G. Section 2D1.1(c)(2) and U.S.S.G. Section 2D1.1(a)(5)(B). She has applied a two level reduction for minor role in the offense pursuant to U.S.S.G. 3B1.1(b)(2), and a three level reduction for acceptance of responsibility pursuant to**

**U.S.S.G. Section 3E1.1. She has determined that the total adjusted offense level is 28 (twenty-eight), with a criminal history category of IV, for a sentencing guideline range of 110-135 months. The Probation Officer has recommended a low end sentence of 110 (one hundred and ten) months.**

**As the Court is aware, the advisory guideline range is only one factor which this Court may consider in imposing a sentence in this case. As discussed below, Title 18 U.S.C. §3553(a) sets out the factors that should be considered by the Court in imposing sentences and further requires that the Court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."**

**Mr. MARTINEZ requests that the Court imposes a sentence of 63 month (sixty-three) months. Mr. MARTINEZ believes that a 63 (sixty-three) month sentence[2] is warranted based on the following Title 18 U.S.C. §3553(a) factors:**

**a. Based on Mr. MARTINEZ' history and characteristics, the nature of the offense and Mr. MARTINEZ' limited role in the offense for a limited period of time.**

**b. Based on the fact that the quantity of drugs attributed to the defendant under relevant conduct principals over represents his culpability in the offense.**

---

**[2] As further described below, Mr. MARTINEZ is requesting that this Honorable Court impose a sentence of 70 (seventy) months, and reduce that sentence for the seven months that he spent in custody in state court for offenses which are part of the charged conduct in this case, for a resulting sentence of 63 (sixty-three) months.**

**c. Based on the need to avoid unwarranted sentencing disparities among defendants with who have been found guilty of similar conduct. Mr. MARTINEZ submits that his culpability is similar to that of co-defendant Juan Velasquez, who was sentenced to 70 (seventy) months in the custody of the Bureau of Prisons. Further, he submits he is significantly less culpable than co-defendant Roxanna Rodriguez, who was a higher level narcotics distributer and gang rent collector, who was sentenced to 99 (ninety-nine) months in the custody of the Bureau of Prisons by this Honorable Court.**

**Mr. MARTINEZ also requests that this Honorable Court recommend that he be permitted to participate in the 500 hour drug program if deemed eligible by the Bureau of Prisons to do so.**

**Sentencing in this matter is currently scheduled for April 15, 2011, at 2:30 a.m.**

## II.
## ARGUMENT

### A. MIGUEL MARTINEZ SUBMITS THAT IN THIS CASE, A CONSIDERATION OF ALL OF THE FACTORS SET FORTH BY TITLE 18 U.S.C. SECTION 3553(a) SUGGESTS THAT A SENTENCE OF 70 (SEVENTY) MONTHS IS WARRANTED.

### 1. Sentencing Post-Booker

**The Supreme Court has ruled that the mandatory nature of the Sentencing Guidelines runs afoul of the Sixth Amendment. United States v. Booker, 543 U.S. 220 (2005) After Booker, the**

**Sentencing Guidelines are "effectively advisory". Id. Courts are now required to consider the Guidelines along with the other statutory purposes of sentencing in arriving at the appropriate sentence. These "statutory purposes" are enumerated in 18 U.S.C. §§3553(a), 3582(a), and 3661.**

**Paragraph 2 of Title 18 U.S.C. §3553(a) states that the factors to be considered in imposing a sentence, in pertinent part, are the following:**

**(1) the nature and circumstances of the offense and the history and characteristics of the defendant;**

**(2) the need for the sentence imposed-**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

**(B) to afford adequate deterrence to criminal conduct;**

**©) to protect the public from further crimes of the defendant; and**

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

**(3) the kinds of sentences available;**

**(4) the kinds of sentence and the sentencing range established...by the Sentencing Commission...**

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty**

**of similar conduct; and . . .**

**Section 3553(a)(1) also gives sentencing courts "a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" Gall v United States, 552 U.S. ___ , 128 S. Ct. 586, 596 n.6.(2007)**

**2. Relevant Factors in the Instant Case**

**a. Mr. Martinez' Personal History and Characteristics**

**MIGUEL MARTINEZ' path in life was shaped by the environment which surrounded him as a child, an environment of severe poverty, where he and his family often lacked enough food to eat. He was born in Chiapas, Mexico, to a family who survived by working in agriculture. By the third grade, Mr. MARTINEZ left school to begin working in the fields to try to help feed the family. It was that same desire to help his family which brought him to the United States at the age of 17. Unfortunately, however, his undocumented status in this country rendered it difficult to find stable legitimate employment. His difficulty obtaining stable employment, together with his substance abuse issues contributed to his participation in the instant offense.**

**b. Mr. MARTINEZ' Role in the Offense.**

**Despite the fact that Mr. MARTINEZ stands before this Court as a defendant in a gang related indictment, Mr. MARTINEZ is not a gang member. His participation in this offense did not include any gang related activity, or any acts of violence. The sole manner in which he participated in the offense charged was by being a street level drug distributer. With regard to his**

**relative culpability as compared to other defendants charged in the indictment, he submits that he is in the class of defendants which should be considered as the least culpable.**

**Additionally, it should be noted that Mr. MARTINEZ participation in charged conspiracy was limited in duration. The offenses charged in the indictment include acts dating as far back as 2001. As described in the factual basis of the plea agreement, however, Mr. MARTINEZ did not join conspiracy until late November of 2006. His participation lasted until June 8, 2007, when he was arrested on a related state drug offense[3]. The total duration of his participation in the charged offense was approximately seven months. Indeed, his participation in the charged offense was for a far more limited duration than several of the other street level narcotics distributors who are also charged in this indictment. He request that the Court consider these factors in mitigation in imposing sentence in this case.**

**c. The Quantity of Narcotics Attributed to Mr. MARTINEZ' Under Relevant Conduct Principals Over represents His Culpability.**

**As outlined in the plea agreement, Mr. MARTINEZ is being held accountable under the Sentencing Guidelines for the distribution of more that 2.8 kilograms of crack cocaine. Mr. MARTINEZ, of course, was not personally responsible for distributing that entire quantity, and in fact, only distributed small amounts of drugs to street level purchasers, over a seven month period of time. Because he is being held accountable for**

[3] See PSR at page 10, paragraph 41.

**quantities being distributed by the multiple "traqueteros" distributing crack cocaine in CLCS territory each day, he submits that the drug quantity attributed to him over represents his true culpability. Under these circumstances, a sentence based on the quantity of drugs distributed has a disproportionate and inappropriate impact on the lower level participants in this conspiracy. Pursuant to the application of the Sentencing Guidelines, Mr. MARTINEZ is being treated in the same manner as a multi-kilo crack distributor who was responsible for conducting one transaction for 2.8 kilograms of crack cocaine. Mr. MARTINEZ submits he that he is significantly less culpable than a defendant who conducts one multi-kilo crack transaction. Booker permits the court to adjust the sentence where drug quantity is not an accurate measure of culpability. See e.g. United States v. Jaber, 362 F. Supp.2d 365 (D. Mass. 2005); see also United States v. Garrison, 560 F.Supp.2d 83 (D. Mass. 2008).**

**Indeed, the Supreme Court has expressly recognized that the drug guidelines are not based on empirical study and may themselves create unwarranted disparity. Kimbrough v. United States, 552 U.S. 85 (2007); see also Gall v. United States, 552 U.S. 38, 46 n.2 (2007). See also United States v. Burns, 526 F.3d 852 (5th Cir.2008) (remanding in light of Kimbrough). Mr. MARTINEZ submits that under the circumstances of this case, the quantity of drugs attributed to him over represents his culpability, and is a mitigating factor which should be considered by the Court in imposing sentence.**

**/**

      **d. Mr. MARTINEZ Should Be Sentenced to 70 (Seventy) Months Based on the Need to Avoid Unwarranted Sentencing Disparity Between Mr. MARTINEZ and his Co-defendants as Contemplated by 18 U.S.C. §3553(a)(6)**

**Paragraph 2 of Title 18 U.S.C. §3553(a)(6) states that the factors to be considered in imposing a sentence, include the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See Title 18 U.S.C. §3553(a)(6)**

**Although there are a number of co-defendants in this case, as of today's date, only two co-defendants have yet to be sentenced in this matter, one who is of similar culpability as Mr. MARTINEZ, Juan Velasquez, and one who is of significantly greater culpability, Roxanna Rodriguez. Ms. Rodriguez is of significantly greater culpability than Mr. MARTINEZ because she had a leadership role in the conspiracy, as she was responsible for supplying and distributing crack cocaine to others, and she was also responsible for organizing and directing the "rent" collection efforts from the street level drug dealers, such as Mr. MARTINEZ. Mr. Velasquez, was of similar culpability to Mr. MARTINEZ, as he was also a "traquetero", or a street level drug dealer. Ms. Rodriguez was sentenced to 99 (ninety-nine) months in the custody of the Bureau of Prisons, and Mr. Velasquez was sentenced to 70 (seventy) months in the custody of the Bureau of Prisons.**

/

/

**The Probation Officer has recommended a sentence for Mr. MARTINEZ of 110 (one hundred and ten) months. Despite being among the least culpable participants in the conspiracy, Mr. MARTINEZ' advisory guideline range guideline range, exceeds the sentence imposed on the significantly more culpable co-defendant Roxanna Rodriguez. Mr. MARTINEZ submits that based on the need to avoid unwarranted sentencing disparity, the Court should impose a 70 (seventy) month sentence in his case. Mr. MARTINEZ submits that he is significantly less culpable than co-defendant Roxanna Rodriguez, who received an 99 (ninety-nine) month sentence in this case.**

**Additionally, Mr. MARTINEZ submits that a 70 (seventy) month sentence is also warranted based on the need to avoid unwarranted sentencing disparity between Mr. MARTINEZ and Mr. Velasquez, who was sentenced to 70 (seventy) months. Although, the Government may argue that Mr. MARTINEZ is not similarly situated to Mr. Velasquez because Mr. MARTINEZ has a greater criminal history, Mr. MARTINEZ submits that this is counter balanced by the fact that Mr. Velasquez participated in the instant offense for a far greater period of time than Mr. MARTINEZ. According to the Government's Sentencing Memorandum filed on March 5, 2010, Mr. Velasquez, by his own admission, was a member of the conspiracy for over two years.[4] Because Mr. MARTINEZ was only a member of the conspiracy for approximately 7 (seven) months, the duration of Mr. Velasquez' participation in the conspiracy was more than four times the length of Mr. MARTINEZ' participation. Mr. MARTINEZ submits that the shorter**

---

**[4] See Government's Position Re: Sentencing of Juan Velasquez filed 3/5/10, at page 18, lines 18-20**

**length of his participation compensates for his greater criminal history, and submits that a sentence of 70 (seventy) months is warranted for both he and Mr. Velasquez.**

**Mr. MARTINEZ submits based on the unique circumstances of this case, including the need to avoid unwarranted sentencing disparity, with the co-defendants in this case, a 70 (seventy) month sentence should be imposed.**

**B. Mr. MARTINEZ HEREBY REQUESTS THAT THIS HONORABLE COURT IMPLEMENT A 7 MONTH DOWNWARD DEPARTURE TO GRANT HIM CREDIT FOR TIME SPENT IN STATE CUSTODY FOR CONDUCT WHICH IS PART OF THE INSTANT OFFENSE.**

**Mr. MARTINEZ requests that the Court implement a 7 month downward departure for the time that Mr. MARTINEZ spent in the county jail for two state court convictions, which are part of the relevant conduct charged in this case. Both of these arrests and convictions resulted from a joint investigation conducted by the Los Angeles Police Department and the FBI.**

**The PSR report identifies the two state court convictions on pages 9-10, at paragraphs 39-42. On February 27, 2007, Mr. MARTINEZ was arrested and charged with a violation of H&S code 11352(A): Sale, Transportation, or Offer to Sell a Controlled Substance in Superior Court Case No. BA318011. On June 8, 2007, Mr. MARTINEZ was again arrested and charged with an additional violation of H&S code 11352(A): Sale, Transportation, or Offer to Sell a Controlled Substance in Superior Court Case No. BA324114-02. On October 10, 2007, Mr. MARTINEZ was sentenced on both cases**

**to 36 months Probation, with 365 days in county jail, on each of the two cases to run concurrently. It appears that the service of county jail sentence was completed on January 15, 2008, the date that Mr. MARTINEZ was brought into federal custody.**

**The charges in the state court case form part of the conduct charged in the federal indictment. The drugs in the two state court case are charged in as overt acts in Count Two of the indictment, Overt Acts 94 and 96.**

**Because Mr. MARTINEZ has now completed service of the county jail sentence in the related state court cases, the United States Sentencing Guidelines do not provide a specific mechanism to implement a reduction in his sentence for the time spent in state custody on these related cases. See U.S.S.G. Sections 5G1.3 and 5K2.23. As such Mr. MARTINEZ hereby requests that he be granted a departure for the time he has spent in state custody for the two offenses which formed part of the relevant conduct in this case.**

**C. Mr. MARTINEZ REQUESTS THAT THE COURT MAKE A RECOMMENDATION THAT HE BE PERMITTED TO PARTICIPATE IN THE RDAP DRUG PROGRAM, IF DEEMED ELIGIBLE TO DO SO.**

**As described in the PSR report[5], Mr. MARTINEZ is a self admitted alcoholic. He described to the Probation Officer that he has consumed alcohol on a daily basis since 2004, and that the alcohol would fuel his desire to use other drugs. As also noted in the PSR, Mr. MARTINEZ also used both marijuana and cocaine, up**

[5] See PSR at page 12, paragraph 60.

**until the time of his arrest. He expressed to the Probation Officer a desire to receive treatment for his substance abuse problems.**

**Mr. MARTINEZ recognizes that his past drug abuse issues contributed to his criminal behavior and his involvement in the offense conduct in this case. He recognizes that he will need drug treatment to successfully reintegrate into society, and he requests that the Court recommend him for participation in RDAP program, if deemed eligible for participation by the Bureau of Prisons.**

**III.**

**CONCLUSION**

**In sum, based on all of the foregoing factors, Mr. MARTINEZ respectfully requests that this Honorable Court impose a total sentence of 63 (sixty-three) months[6]. Mr. MARTINEZ submits that under the circumstances of this case, a 63 (sixty-three) month sentence is "sufficient but not greater than necessary" to comply with the factors in Section 3553, and meet the purposes of sentencing in this case.**

**/S/ SONIA E. CHAHIN**

**DATED: April 1, 2011 By________________________________**

**SONIA E. CHAHIN**
**Attorney At Law**

---

[6] As argued above, Mr. MARTINEZ submits that a sentence of 70 (seventy) months should be implemented based on the mitigating factors outlined herein, with an additional 7 (seven) month departure to give him credit for time spent in state custody on two state court cases which form part of the relevant conduct in the instant offense, for a total sentence of 63 (sixty-three) months.